UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DARNELL WESLEY MOON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:11-cv-178-JMS-WGH |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

A review of the record reveals that the plaintiff filed a request to proceed *in forma pauperis* with the complaint, that the request to proceed *in forma pauperis* was granted in Part I of the Entry issued on August 30, 2011 and that the plaintiff owes the full filing fee of $350.00. There is something amiss with the foregoing.

A prisoner who has filed at least three suits or appeals that are frivolous, malicious, or fail to state a claim is ineligible to proceed *in forma pauperis* and must prepay all fees unless in imminent physical danger. 28 U.S.C. ' 1915(g); *see Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). As both *Ammons* and this case demonstrate, a court does not always have complete information regarding a litigant=s prior Astrikes.@

It was noted in *Moon v. Missouri Div. of Employment Sec.*, 2009 WL 3261920, 1 (W.D.Mo. 2009), that the plaintiff has accumulated more than three strikes. In doing so, the court cited the following cases as ones in which Moon had acquired a strike: *Moon v. United States,* No. 09-0006 (E.D.Mo. 2009) (legally frivolous); *Moon v. National Asset Recovery Services, Inc.,* No. 09-0117 (E.D.Mo. 2009) (legally frivolous); *Moon v. National Asset Recovery Services, Inc.,* No. 09-1129 (E.D.Mo. 2009) (legally frivolous).

The foregoing shows that Moon has been aware since 2009 that he has been ineligible for *in forma pauperis* status. The situation here would thus appear to be governed by the following rule in *Ammons:* "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." 547 F.3d at 725 (citing *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999)).

> An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that ' 1915(g) applies to a particular litigant will lead to immediate termination of the suit.

*Sloan,* 181 F.3d at 859. Moon commenced and has continued the litigation of this action under false pretenses. The only appropriate action in these circumstances is the immediate termination of the suit. Because of his long history of abusive litigation in the federal courts and because of his ploy in this case in particular, the dismissal shall be with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/20/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana